# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 10, 2002 Session

## BRENDA R. LEHMAN v. SYLVIA J. VINES

**A Direct Appeal from the Circuit Court for Davidson County**
**No. 00C 872     The Honorable Water C. Kurtz, Judge**

---

### No. M2001-01811-COA-R3-CV - Filed July 30, 2002

---

Plaintiff-attorney sued former client for balance of amount due under fee agreement. In a nonjury trial, the trial court found that the client owed a balance of $4,209.00, and entered judgment for plaintiff in that amount. The client appeals, and we reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Sylvia J. Vines, *Pro Se*

Melissa Blackburn, Nashville, For Appellee, Brenda R. Lehman

### MEMORANDUM OPINION[1]

Plaintiff, Brenda R. Lehman, filed a complaint against defendant, Sylvia J. Vines, alleging that defendant owes plaintiff a balance of $11,593.36 for legal fees due pursuant to an agreement between the parties.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Defendant's answer admits the attorney client relationship and the agreement for fees but denies that she owes the amount plaintiff claims. Defendant avers that she was not given all just credits for amounts that she had paid.

The case was tried before the trial court without a jury, and the only witnesses were the plaintiff and the defendant. The plaintiff testified that after giving the defendant all just credits, the balance due is $8,458.31. The defendant testified that she had paid everything that she owed to the plaintiff.

Various invoices were introduced as exhibits, and the trial court, using the amounts set out on the invoices, determined that the total fee charged by the plaintiff was $24,571.00. The trial court calculated the payments made by the defendant, according to her testimony and the exhibits introduced, and found a total of $20,362.00. Taking these figures, the trial court found that the correct amount due was $4,209.00. Judgment was accordingly entered for that amount, and the defendant, acting *pro se*, has appealed.

Defendant presents a single issue for review, as stated in her brief:

> In the Civil Court Case. 00C 872, all invoices having been paid in a timely manner (pages 28, 29, 30 lines 16-18) Ms. Lehman, Appellee, forgave $4,213.25. Judgemant [sic] was given that Appellee was not obligated this forgiveness, even though an agreement was made between Appellee and Appellant by Ms. Lehman's Appellee's choice. (page 44 transcript)

> I plead that the conditions were met.

Although the issue is not clearly stated, we perceive the issue to be whether the trial court erred in granting judgment to plaintiff. Defendant asserts that she made all of the payments required and that plaintiff had forgiven $4,213.25 of the debt. Plaintiff testified that she agreed to forgive that portion of the debt if the defendant had paid all other sums due by November 15, 1998. Plaintiff testified that the defendant did not meet that requirement and that there was no forgiveness of the debt.

On the other hand, defendant testified that she timely paid all sums due and, therefore, should have received the stipulated discount. With a check dated November 14, 1998, defendant paid the sum of $5,800.00, which defendant believed to be the balance due to plaintiff. It appears from plaintiff's testimony and the exhibits introduced that plaintiff's accounting was somewhat confusing and resulted in several admitted errors. Indeed, plaintiff's complaint seeks $11,693.36 in damages, which is not supported by any testimony in the record.

Defendant testified that because of the inaccuracies in the account, she sought a meeting with the plaintiff to try to resolve the matter, but plaintiff told her that she would have to charge her an

hourly rate as an attorney to discuss the account. Also, by plaintiff's own admission, plaintiff erroneously overstated the amount actually owed by over $7,000.00.

Plaintiff admits that she agreed to a discount with defendant if payment in full was made by November 15, 1998. Although defendant was sent several incorrect invoices, she apparently had, at the time of the November 15 deadline, paid everything that she believed she owed the plaintiff. Therefore, the $200.00 paid by the defendant approximately eight days after November 15, 1998 would appear to be a correction rather than a late-payment, especially in view of the fact that the defendant paid $5,800.00 on November 14, 1998. Under these circumstances, we believe that the defendant substantially complied with the agreement for the discount, and it should have been granted.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

We are not unmindful that when the issues in a case depend on the truthfulness of witnesses, the credibility accorded by the trial court to the witness's testimony will be given great weight by the appellate court. ***In Re: Estate of Walton v. Young***, 950 S.W.2d 956, 959 (Tenn. 1997). In this case, however, the trial court apparently did not consider the confusion caused by plaintiff's accounts and the substantial compliance by the defendant with the agreement between the parties. From our review of the record we find that the evidence preponderates against the finding of the trial court.

Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellee, Brenda R. Lehman.

_____
W. FRANK CRAWFORD, PRESIDING
JUDGE, W.S.
